UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| FEDERAL TRADE COMMISSION, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 4:20-cv-00317-SEP |
| PEABODY ENERGY CORPORATION | ) | |
| and | ) | |
| ARCH COAL, INC., | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on motions filed by Navajo Transitional Energy Company, LLC, Ameren Corporation and Union Electric Company d/b/a Ameren Missouri, and Peter Kiewit Sons', Inc. (collectively, "Intervenors"). Docs. [62], [68], [73].[1] Intervenors' separate motions all seek permission to intervene in this case in order to object to Defendants' Unopposed Motion to Modify the Protective Order (Doc. [52]) ("Defendants' Motion"). Intervenors' supporting memoranda address both their right to intervene pursuant to Fed. R. Civ. P. 24 and their reasons for opposing Defendants' Motion. This memorandum and order address only the first issue: whether Intervenors satisfy Rule 24's requirements for intervention. For the reasons discussed below, the Court finds that they do and grants all three motions to intervene only to that extent. The Court expressly reserves judgment as to Defendants' Motion.

---

[1] These motions to intervene were filed as recently as only five days ago and, as such, are not fully briefed. The Court is ruling on them now because it is in the interest of all parties to this expedited proceeding to have the terms of the protective order finalized as soon as possible and because Defendants' Motion anticipated that the Court would entertain objections from third parties. *See* Doc [52] at 2 n.1. For these reasons, the Court does not expect opposition to the third parties' motions to intervene.

1

## DISCUSSION

I.   **Intervenors have established Article III standing.**

"In the Eighth Circuit, a prospective intervenor 'must establish Article III standing in addition to the requirements of Rule 24.'" *Nat'l Parks Conservation Ass'n v. E.P.A.*, 759 F.3d 969, 974-75 (8th Cir. 2014) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009)). The requirements for Article III standing are (1) injury, (2) causation, and (3) redressability. *Metro. St. Louis Sewer Dist.*, 569 F.3d at 833-34. "A court ruling on a motion to intervene must accept as true all material allegations in the motion to intervene and must construe the motion in favor of the prospective intervenor." *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 973 (8th Cir. 2014).

Taking their allegations as true, Intervenors have established Article III standing. They all allege that they have received subpoenas from one or both sides of this litigation seeking competitively sensitive information and that allowing Defendants' corporate employees access to that information would cause them competitive injury. *See* Docs. [63] at 4; [69] at 13; [74] at 4. But for the modification to the protective order sought by Defendants, Defendants' corporate employees would not be permitted to review the records; therefore, the causation requirement is satisfied. And because denial of the requested modification would prevent Defendants' corporate employees from reviewing the records and thereby prevent Intervenors from suffering competitive harm, there is redressability. The Court concludes that Intervenors have established Article III standing. *See* Order at 4, *Argus Leader Media v. U.S. Dep't of Agriculture*, No. 4:11-cv-04121-KES (D.S.D. Jan. 30, 2017) (Article III standing for motion to intervene established by non-party alleging that "potential nonconsensual dissemination of private information" would impact "commercial interests"); *J.D. Fields & Co., Inc. v. Nucor-Yamato Steel Co.*, 2015 WL

12696208, at *2 (E.D. Ark. June 15, 2015) (holding third party seeking to intervene for limited purpose of protecting its confidential pricing information "has established standing").

## II. Intervenors have satisfied the standard for permissive intervention under Federal Rule of Civil Procedure 24(b).

"[P]ermissive intervention is the proper method for a nonparty to seek a modification of a protective order." *AT&T Corp. v. Sprint Corp.*, 407 F.3d 560, 562 (2d Cir. 2005) (internal citation omitted); *see also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) (Rule 24(b) is an avenue for third parties "to have their day in court to contest the scope or need for confidentiality."). Federal Rules of Civil Procedure 24(b) states, in relevant part: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."

Permissive intervention is inherently discretionary. *Hodgson v. United Mine Workers of America*, 473 F.2d 118, 125 n.36 (D.C. Cir. 1972). "Rule 24(b) provides that anyone 'may' be permitted to intervene if the requirements of the rule are satisfied, and makes reference to the fact that a court must 'exercis[e] its discretion' when deciding whether to allow intervention." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (quoting Fed. R. Civ. P. 24(b)(1) and (3)). The Eighth Circuit has advised district courts to err on the side of intervention. *See Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999) ("Rule 24 is to be construed liberally, and doubts resolved in favor of the proposed intervenor.").

"Normally, parties seeking permissive intervention pursuant to Rule 24(b) must show: (1) an independent ground for jurisdiction, (2) timeliness of the motion, and (3) that the applicant's claim or defense and the main action have a question of law or fact in common." *Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015) (citing *United States v. Union Elec. Co.*, 64 F.3d

3

1152, 1170 n. 9 (8th Cir. 1995)). "However, when a party is seeking to intervene only to modify a protective order or unseal documents, and not to litigate a claim on the merits," the Eighth Circuit has held, "an independent basis of jurisdiction is not required," *id.* at 967, and "'there is no reason to require such a strong nexus of fact or law.'" *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992)). That said, when parties disagree on a question of confidentiality, "that confidentiality is—in the language of Rule 24(b)(2)—a 'question of law . . . in common'" between the parties and prospective intervenors. *Jessup v. Luther*, 227 F.3d 993, 999 (7th Cir. 2000).

Having thus dispensed with the first and third requirements for permissive intervention, the only remaining inquiry is whether Intervenors' motions are timely. There is no doubt here that they are. Defendants' motion was filed on March 12, 2020. Doc. [52]. All three Intervenors filed their objections by March 18th—six days later. Objections filed less than one week after the filing of Defendants' motion are unquestionably timely. In fact, Defendants' Motion specifically "provide[d] third parties with an opportunity to object by March 18, 2020." Doc. [52] at 2 n.1. The fact that all three Intervenors met a demanding deadline of the parties' own devising effectively precludes any argument that their motions were untimely.

The Court finds that the Intervenors have Article III standing and satisfy Rule 24(b)'s requirements for permissive intervention for the limited purpose of objecting to Defendants' Unopposed Motion to Modify the Protective Order.[2] The Court therefore exercises its discretion to grant Intervenors' motions to intervene, while reserving judgment on the ultimate question of whether or not to grant Defendants' Motion (Doc. [52]). *See, e.g., Flynt*, 782 F.3d at 967 ("We

---

[2] Intervenors also argue for intervention as of right under Federal Rule of Civil Procedure 24(a). Because the Court finds that Intervenors have satisfied Rule 24(b)'s requirements for permissive intervention, it does not consider whether Intervenors satisfied Rule 24(a)'s requirements for intervention as of right.

4

express no opinion on whether Flynt should ultimately prevail in his request to [modify the protective order].").

Counsel for Intervenors are invited to attend the telephonic conference set for Tuesday, March 24, 2020, at 1:30 PM Central, during which the Court will hear argument relating to Defendants' Motion (Doc. [52]) and the parties' joint memorandum (Doc. [64]) describing their dispute over further modifying the protective order <u>in light of the supplemental briefing requested by the Court in its Order of March 20, 2020</u> (Doc. [77]), expected to be filed by 5:00 PM Central on the date of this Order.  **Intervenors may jointly designate one (1) representative to advocate for their position on the call**.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of Navajo Transitional Energy Company, LLC, Ameren Corporation and Union Electric Company d/b/a Ameren Missouri, and Peter Kiewit Sons', Inc., to intervene in this matter for the limited purpose of opposing proposed modifications to the protective order (Docs. [62], [68], [73]) are **GRANTED IN PART**.  The Court withholds judgment on the remaining relief sought by Intervenors in their motions.

The Court takes no action at this time with respect to Defendants' Unopposed Motion to Modify the Protective Order (Doc. [52]).

Dated this 23rd day of March, 2020.

*Sarah E. Pitlyk*
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE