# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

**FEDERAL TRADE COMMISSION**,

                Plaintiff,

v.

**PEABODY ENERGY CORPORATION**

and

**ARCH COAL, INC.**,

                Defendants.

Civil Action No. 4:20-cv-00317-SEP

**JOINT MEMORANDUM REQUESTING A TELECONFERENCE PURSUANT TO PARAGRAPH C.19 OF THE CASE MANAGEMENT ORDER**

All parties jointly submit this memorandum to delineate a dispute regarding a request to extend all remaining deadlines in this proceeding.

**Summary of Dispute**: Plaintiff respectfully requests a 21-day extension of the date set for the preliminary injunction hearing, and all pre-hearing deadlines.  Defendants do not believe that any further extension of the schedule is necessary or appropriate at this time.

**Plaintiff's Position**:  Plaintiff respectfully requests an extension of 21 days of the date set for the preliminary injunction hearing and all pre-hearing deadlines.[1]  Plaintiff regrets that this submission exceeds 3 pages, and the FTC has not responded to many of Defendant's arguments to ensure that Plaintiff's portion of this statement adheres to the Court's instructions.

On April 9, 2020, the Court granted the parties' joint request for a 21-day extension of all deadlines.  ECF No. 117.  Since that time, the Federal Trade Commission has ordered a further extension of the administrative proceeding that will determine the merits of this action; the hearing will now commence October 27, 2020, an extension of 75 days from the original date of August 11, 2020.[2]  The "only question" in this preliminary injunction action is whether Plaintiff has raised substantial questions regarding the legality of the transaction under the antitrust laws, such that the status quo should be preserved until the administrative proceeding is completed,[3] and the primary scheduling consideration is to provide this Court with sufficient time to resolve this question prior to the administrative hearing.

A 21-day extension of current deadlines will preserve this Court's ability to consider the

---

[1] The purpose of interim deadlines is to facilitate progress towards the hearing.  Extending interim deadlines will vindicate this goal, and alleviate difficulties the parties may experience in incorporating discovery into expert reports and pretrial submissions.

[2] This decision was not anticipated by FTC counsel.  Once an administrative proceeding commences, FTC counsel cannot communicate with any Commissioners regarding the matter, including communications regarding scheduling issues.

[3] *FTC v. Sanford Health, Sanford Bismarck*, 2017 WL 10810016 at *23 (D.N.D. Dec. 15, 2017), *aff'd sub nom.*, *FTC v. Sanford Health*, 926 F.3d 959 (8th Cir. 2019).

1

question it must address while preventing significant prejudice to the FTC. The ongoing COVID-19 national emergency makes it impracticable for FTC staff involved in this case to adequately prepare for and participate in a June 22 hearing, in ways that were not anticipated at the time of the parties' prior joint request for a 21-day extension. Since that time, FTC Chairman Joseph Simons has extended mandatory telework for all FTC staff until at least June 20, 2020, an action that is consistent with widespread instructions requiring citizens to remain at home, avoid travel,[4] and self-quarantine in the event travel is required.[5] Absent an extension, FTC staff will be unable to travel safely to a pre-hearing conference on June 18, or to perform any of the hands-on tasks necessary to prepare adequately for a hearing on June 22.

An extension will not prejudice Defendants, because there is no exigency that requires starting the evidentiary hearing on June 22; Defendants will be able to participate fully in the hearing and to obtain a ruling before the administrative hearing commences. Defendants naturally want to consummate their joint venture sooner rather than later, so that they can stop competing with one another. But Defendants' commercial interests must give way to the imperative to safeguard human life during a national emergency.

**Defendants' Position**:

The FTC's request to further delay the hearing and interim deadlines is at best premature. The Court already granted the Parties' joint request to extend the schedule to account for the unforeseen COVID-19 emergency. Since then, the parties have established a protocol for remote depositions, completed 3 such depositions (and scheduled dozens more to occur within the current pre-hearing deadlines), exchanged witness lists, served discovery requests and responses,

---

[4] The Pentagon has extended its ban on travel through June 30, 2020. https://www.military.com/daily-news/2020/04/18/military-travel-ban-extended-until-june-30-some-restrictions-eased.html.

[5] Maryland requires anyone who travels out-of-state to self-quarantine for 14 days.

2

and appeared before this court telephonically to resolve contested motions.  In short, this litigation is proceeding on schedule at no threat to the imperative to safeguard human life.  The FTC does not dispute this, but instead suggests that the hearing date (and all interim deadlines) must be delayed further because the FTC's undisclosed,[6] self-imposed telework requirement will not, absent a modification, expire until two days before the hearing is scheduled to commence.  But with the hearing almost two months away, the FTC's concerns are entirely speculative, particularly when the federal government is focused on efforts to responsibly re-open rather than further prolong COVID-related disruptions.[7] If COVID-related restrictions are extended such that a June 22 hearing becomes impossible for the parties and the Court to conduct, perhaps a modest delay of the hearing or other accommodations may be warranted.  Such a decision could be made in June.  But the mere possibility of that situation arising in the future does not justify further delaying the hearing today, and certainly not delaying pre-hearing deadlines the parties and third parties have relied upon and are diligently working to meet.

Nor is the FTC prejudiced by maintaining the current schedule given Defendants and their counsel are subject to the same stay-at-home orders, travel restrictions, and inconveniences.  But Defendants will be prejudiced by further delay.  Coal producers are under immense pressure and cannot compete effectively with low-cost natural gas and subsidized renewable energy unless they can reduce costs. This reality is amplified by shocks posed by the COVID-19 crisis,[8]

---

[6] The FTC refused to share their Chairman's telework mandate with the defendants.

[7] A recent White House memorandum makes clear that "the Federal government is actively planning to ramp back up government operations to the maximum extent possible, as local conditions warrant." Office of Personnel Management, "Aligning Federal Agency Operations with the National Guidelines for Opening Up America Again" at 1 (April 20, 2020) available at https://www.whitehouse.gov/wp-content/uploads/2020/04/M-20-23.pdf.  Indeed, the military travel "ban" the FTC cites exempts many types of travel and will be reevaluated every 15 days.

[8] The COVID crisis "bodes poorly for the future of coal power in the U.S., which has already been in a steep decline. The slowdown is expected to accelerate closures of plants already

3

as evidenced by painful recent layoffs of 300 employees across three PRB mines, including Peabody's North Antelope Mine.[9]  The rationale for Defendants' joint venture is to unlock over a billion dollars in cost savings and efficiencies, pass those savings onto customers through immediate discounts, and better compete with cheap natural gas and renewables (not, as the FTC blithely suggests, to simply "stop competing"). While further delay of this litigation may be convenient to the FTC, it will rob Defendants' and their customers of important cost savings.

Fundamentally, the FTC chose to initiate this merger challenge and it "bears a heavy burden when it requests preliminary injunctive relief." *FTC v. Arch Coal, Inc.*, 329 F. Supp. 2d 109, 116 (D.D.C. 2007).[10]  Its suggestion that the extended delay of the FTC's own administrative hearing, now up to 75 days, somehow justifies delay of this proceeding is disingenuous given the FTC itself has recognized that preliminary injunctive relief dictates merger challenge outcomes– not Part 3 administrative hearings.[11]  While the COVID-19 crisis

---

challenged to compete with natural gas, wind and solar sources, all cheaper forms of power than coal." Wall Street Journal, "Coal suffers as coronavirus saps energy demand – Pandemic could hasten the end for some coal plants" (April 23, 2020) available at https://www.wsj.com/articles/coal-suffers-as-coronavirus-saps-power-demand-11587642652.

[9] *See* Gillete News Record, "Coal producers lay off 300 PRB workers" (April 23, 2020) available at https://www.gillettenewsrecord.com/news/local/article_b7840e4d-16e3-5f73-9009-b59f5c8a2dd4.html

[10] Under Section 13(b), the FTC "is required to make a robust evidentiary and legal showing that the transaction would likely be anticompetitive in order to obtain a preliminary injunction." Prepared Statement of the FTC Before the U.S. Senate, Comm. on the Judiciary, Subcomm. on Antitrust, Competition Policy and Consumer Rights (Oct. 7, 2015, 2015), available at www.ftc.gov/system/files/documents/public_statements/810871/151007smarteracttestimony.pdf.

[11]  In 2015, the FTC revised its Rules of Practice to reaffirm its regular practice to end administrative proceedings when courts deny preliminary injunctions, as it has done in every such case for over twenty years.  *See id.* at 13-14.  And in *Sanford Health*, the administrative hearing was delayed on consent of the FTC to allow for appellate review of the PI decision, which all parties recognized would be the final determination of whether the transaction would go through.  *See Order Granting Further Continuance of Administrative Proceedings, In re Sanford Health,Docket No. 9376 (FTC Dec. 21, 2017)* available at https://www.ftc.gov/system/files/documents/cases/sanford_mid_dakota_order_granting_further_continuance_12212017.pdf.

certainly presents logistical challenges, they impact all parties equally and are not insurmountable (as the Parties have demonstrated).  The FTC should not be allowed to use the present public health crisis to shirk its substantial legal burden and achieve a de-facto preliminary injunction by delay that it has not won in court.

Dated:  April 27, 2020

Respectfully submitted,

/s/ Daniel Matheson

Daniel Matheson, 502490 (DC)
Amy Dobrzynski, 5902855 (MD)
Federal Trade Commission
Bureau of Competition
400 Seventh Street SW
Washington, D.C. 20024
202-326-2075
dmatheson@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

/s/ Edward D. Hassi
Edward D. Hassi, #1026776 (DC)
Leah S. Martin, #1029757 (DC)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

Michael Schaper, #4033486 (NY)
J. Robert Abraham, #4935110 (NY)
Tristan M. Ellis, #5405444 (NY)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
mschaper@debevoise.com
jrabraham@debevoise.com
tmellis@debevoise.com

Gorav Jindal, #471059 (DC)
Corey Roush, #466337 (DC)
J. Matthew Schmitten, #742690 (GA)
Akin Gump Strauss Hauer & Feld LLP
2001 K. Street, N.W.
Washington, DC 20006
(202) 887-4000
croush@akingump.com
ajindal@akingump.com
mschmitten@akingump.com

Cristina Thrasher, #5109954(NY)

5

        Akin Gump Strauss Hauer & Feld LLP
        One Bryant Park
        Bank of America Tower
        New York, NY 10036-6745
        (212) 872-1000
        cthrasher@akingump.com

        Catherine L. Hanaway, #41208(MO)
        Michael C. Martinich-Sauter, #66065(MO)
        Husch Blackwell, LLP
        190 Carondelet Plaza, Suite 600
        St. Louis, MO 63105
        (314) 480-1500
        catherine.hanaway@huschblackwell.com
        michael.martinich-sauter@huschblackwell.com

        *Counsel for Defendant Peabody Energy Corporation*

        Stephen Weissman #451063 (DC)
        Michael Perry #1047965 (DC)
        William Lavery #503292 (DC)
        Matthew Adler #1022438 (DC)
        Andrew George #988552 (DC)
        Elisa Beneze #1048179 (DC)
        Jarad Daniels #1044253 (DC)
        Steven Pet #1617458 (DC)
        Baker Botts LLP
        700 K St NW
        Washington, DC 20001
        Telephone: (202) 639-7700
        Email: stephen.weissman@bakerbotts.com
        Email: michael.perry@bakerbotts.com
        Email: william.lavery@bakerbotts.com
        Email: matthew.adler@bakerbotts.com

        *Counsel for Defendant Arch Coal, Inc.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on the 27th day of April, 2020, I served the foregoing on all counsel of record via the Court's ECF filing system.

                                /s/ Daniel Matheson
                                Daniel Matheson
                                Attorney for Plaintiff Federal Trade Commission