IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.

PEABODY ENERGY CORPORATION        No. 4:20-cv-00317-SEP
                                                                  (Judge Pitlyk)

        and

ARCH COAL INC.,

        Defendants.

## THIRD PARTY TENNESSEE VALLEY AUTHORITY'S MOTION FOR *IN CAMERA* TREATMENT OF CONFIDENTIAL MATERIAL

Pursuant to Rule 4.01 of the Local Rules of the United States District Court for the Eastern District of Missouri and Paragraph 10 of this Court's Modified Protective Order (Doc. 110), third party Tennessee Valley Authority ("TVA") respectfully moves the Court for an order granting TVA's request for *in camera* treatment of confidential material provided by TVA in connection with the above-captioned matter.

On or about June 25, 2020, counsel for Plaintiff Federal Trade Commission ("FTC") and counsel for Defendants (collectively "the Parties") separately notified TVA that certain documents[1] provided by TVA in response to the Parties' respective Rule 45 document and deposition subpoenas are identified on the Parties' respective

---

[1]    The term "Document" is defined in Paragraph 1 of the Modified Protective Order. (Doc. 110 at PageID# 2236.)

exhibit lists and may be offered into evidence at the hearing in this matter.[2] (Billinson Decl. ¶ 2 (June 30, 2020).)[3]

As a third party, TVA's willingness to provide its documents in response to the Parties' subpoenas and to cooperate with the Parties in their efforts to obtain discovery in this action was, in part, based on the protections for confidential material afforded to third parties under the Modified Protective Order, including the protections supplied by Paragraph 10 related to the introduction into evidence of a third party's confidential material. (*Id.* ¶ 3.)

TVA provided a substantial number of documents in response to the Parties subpoenas, many of which TVA, "in good faith and after careful determination" (Doc. 110 at PageID# 2237), designated as a confidential material subject to the Modified Protective Order. (Billinson Decl. ¶ 4.) The Parties did not contest or otherwise object to any of TVA's confidentiality designations. (*Id.* ¶ 5.) TVA also cooperated with the Parties in making TVA's then Vice-President of Coal and Gas Services, David Owens, available for a remote deposition during the pendency of the COVID-19 pandemic, and TVA designated substantial portions of Mr. Owens' deposition testimony (including exhibits thereto) as confidential material subject to the Modified Protective Order. (*Id.* ¶¶ 6-7.) The Parties did not contest or otherwise object to any of TVA's confidentiality designations during Mr. Owens' deposition. (*Id.* ¶ 8.)

---

[2] This motion is being submitted "within five business days after" TVA's receipt of notice under Paragraph 10 of the Modified Protective Order. (Doc. 110 at PageID# 2240.)

[3] A copy of Mr. Billinson's Declaration is being submitted herewith as Attachment 1.

TVA has reviewed the list of TVA documents identified on the Parties' respective exhibit lists and hereby represents "in good faith and after careful determination" (Doc. 110 at PageID# 2237), that the documents listed below constitute "confidential material" as that term is defined in the Modified Protective Order (Doc. 110 at PageID# 2236), including privileged information, competitively sensitive information, and trade secret information.[4] (Billinson Decl. ¶ 9.)

| TVA Confidential Material Identified on FTC's Exhibit List ||
| --- | --- |
| Exhibit No. | Confidentiality Designation |
| PX4675 | Competitively Sensitive Information |
| PX4687 | Competitively Sensitive Information |
| PX4688 | Competitively Sensitive Information |
| PX4691 | Competitively Sensitive Information |
| PX4693 | Competitively Sensitive Information |
| PX4697 | Competitively Sensitive Information; Trade Secret Information |
| PX4698 | Competitively Sensitive Information; Trade Secret Information |
| PX4707 | Competitively Sensitive Information |
| PX4717 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |
| PX6013 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |

---

[4] The Modified Protective Order provides that "[a]ny document submitted by a . . . third party . . . during the course of this proceeding that is entitled to confidentiality under . . . [a] federal statute . . . shall be treated as confidential material for purposes of this Order. The Defend Trade Secrets Act protects the confidentiality of trade secret information, see 18 U.S.C. § 1831 et seq., and "defines a trade secret broadly as 'all forms and types of financial, business, scientific, technical, economic, or engineering information . . . if (A) the owner thereof has taken reasonable measures to keep such information secret; and (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information[.]'" *Design Nine, Inc. v. Arch Rail Grp., LLC*, No. 4:18 CV 428 CDP, 2019 WL 1326677, at *3–4 (E.D. Mo. Mar. 25, 2019) (quoting 18 U.S.C. § 1839(3)).

3

**TVA Confidential Material Identified on Defendants' Exhibit List:**

| Exhibit No. | Confidentiality Designation |
|---|---|
| DX2003 | Competitively Sensitive Information; Trade Secret Information |
| DX2004 | Competitively Sensitive Information; Trade Secret Information |
| DX2005 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |
| DX2006 | Competitively Sensitive Information |
| DX2011 | Competitively Sensitive Information |
| DX2012 | Competitively Sensitive Information |
| DX2033 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |

Accordingly, in consideration of TVA's good faith cooperation with the Parties' efforts to obtain discovery in this action and to protect the confidential material provided by TVA in connection therewith, TVA requests that the documents listed above be granted confidential treatment pursuant to Paragraph 10 of the Modified Protective Order.[5]

---

[5] *Cf. United States v. Zolin*, 491 U.S. 554, 572 (1989) (observing that "the decision whether to engage in *in camera* review rests in the sound discretion of the district court"); *LADS Network Sols., Inc. v. Agilis Sys., LLC*, No. 4:19-CV-00011-AGF, 2019 WL 6250840, at *1 (E.D. Mo. Nov. 22, 2019) ("In cases involving highly confidential information, such as trade secrets, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.") (internal quotation marks omitted).

Respectfully submitted,

*s/David D. Ayliffe*
David D. Ayliffe, #024297 (TN)
Director, Litigation
Tennessee Valley Authority
Office of the General Counsel
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.8964
ddayliffe@tva.gov

Attorney for Third Party Tennessee Valley Authority

## CERTIFICATE OF SERVICE

I hereby certify that, on June 30, 2020, the foregoing document was filed electronically through the Court's ECF system. Notice of this filing will be sent by operation of the Court's ECF system. Parties may access this filing through the Court's ECF system.

*s/David D. Ayliffe*
Attorney for Third Party Tennessee Valley Authority
