IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

PEABODY ENERGY CORPORATION          No. 4:20-cv-00317-SEP

and

ARCH COAL INC.,

Defendants.

**DECLARATION OF BRIAN K. BILLINSON**

I, Brian K. Billinson, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct.

1.      I am employed by the Tennessee Valley Authority ("TVA") as a Senior Attorney in TVA's Office of the General Counsel.  I have been a licensed attorney for over thirty-four years, and for the past twenty-one years, I have provided legal advice and counsel related to TVA's commercial contracts, including coal supply contracts.  I was personally involved in coordinating TVA's response to the respective Rule 45 document and deposition subpoenas issued by Plaintiff Federal Trade Commission ("FTC") and by Defendants (collectively "the Parties"), reviewing documents produced by TVA, and designating certain documents as confidential material subject to the Modified Protective Order (Doc. 110). I have personal knowledge of the matters set forth in this Declaration and am competent to testify thereto.

1

2.      On or about June 25, 2020, counsel for FTC and counsel for Defendants (collectively "the Parties") separately notified me that certain documents[1] provided by TVA in response to the Parties' respective Rule 45 document and deposition subpoenas are identified on the Parties' respective exhibit lists and may be offered into evidence at the hearing in this matter.

3.      As a third party, TVA's willingness to provide its documents in response to the Parties' subpoenas and to cooperate with the Parties in their efforts to obtain discovery in this action was, in part, based on the protections for confidential material afforded to third parties under the Modified Protective Order, including the protections supplied by Paragraph 10 related to the introduction into evidence of a third party's confidential material.

4.      TVA provided a substantial number of documents in response to the Parties subpoenas, many of which TVA, "in good faith and after careful determination," designated as a confidential material subject to the Modified Protective Order. (Doc. 110 at PageID# 2237.)

5.      The Parties did not contest or otherwise object to any of TVA's confidentiality designations with respect to the confidential material produced by TVA in response to the Parties' respective subpoenas.

6.      TVA also cooperated with the Parties in making TVA's then Vice-President of Coal and Gas Services, David Owens, available for a remote deposition during the pendency of the COVID-19 pandemic.

---

[1]     The term "Document" is defined in Paragraph 1 of this Court's Modified Protective Order. (Doc. 110 at PageID# 2236.)

7.     TVA designated substantial portions of Mr. Owens' deposition testimony (including exhibits thereto) as confidential material subject to the Modified Protective Order.

8.     The Parties did not contest or otherwise object to any of TVA's confidentiality designations during Mr. Owens' deposition.

9.     I have personally reviewed the list of TVA documents identified on the Parties' respective exhibit lists, and as counsel for TVA, I have concluded, "in good faith and after careful determination" (Doc. 110 at PageID# 2237), that the documents listed below constitute "confidential material" as that term is defined in the Modified Protective Order (*id.* at PageID# 2236); including privileged information, competitively sensitive information, and trade secret information; and that said "material is not reasonably believed to be already in the public domain" (*id.* at PageID## 2237-38).

### TVA Confidential Material Identified on FTC's Exhibit List

| Exhibit No. | Confidentiality Designation |
|---|---|
| PX4675 | Competitively Sensitive Information |
| PX4687 | Competitively Sensitive Information |
| PX4688 | Competitively Sensitive Information |
| PX4691 | Competitively Sensitive Information |
| PX4693 | Competitively Sensitive Information |
| PX4697 | Competitively Sensitive Information; Trade Secret Information |
| PX4698 | Competitively Sensitive Information; Trade Secret Information |
| PX4707 | Competitively Sensitive Information |
| PX4717 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |
| PX6013 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |

3

### TVA Confidential Material Identified on Defendants' Exhibit List

| Exhibit No. | Confidentiality Designation |
|---|---|
| DX2003 | Competitively Sensitive Information; Trade Secret Information |
| DX2004 | Competitively Sensitive Information; Trade Secret Information |
| DX2005 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |
| DX2006 | Competitively Sensitive Information |
| DX2011 | Competitively Sensitive Information |
| DX2012 | Competitively Sensitive Information |
| DX2033 | Competitively Sensitive Information; Trade Secret Information; Deliberative Process Privilege |

Executed on June 30, 2020, in Knox County, Tennessee.

Brian K. Billinson