IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No: 4:20-CV-00317 |
| vs. | ) | |
| | ) | |
| PEABODY ENERGY CORPORATION and | ) | |
| ARCH COAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## INTERVENOR NAVAJO TRANSITIONAL ENERGY COMPANY, LLC'S MOTION FOR IN CAMERA REVIEW AND PROTECTIVE ORDER AS TO CERTAIN CONFIDENTIAL MATERIAL

COMES NOW Intervenor Navajo Transitional Energy Company, LLC, ("NTEC"), pursuant to this Court's Modified Protective Order (Doc# 110), and for its Motion for *In Camera* Review and Protective Order as to Certain Confidential Material, states as follows:

1. On June 25, 2020, counsel for the Federal Trade Commission ("FTC") notified counsel for NTEC it intended to include on its exhibit list for the upcoming evidentiary hearing in this matter the following specific exhibits:

**FTC LIST OF EXHIBITS**

| Exhibit | Bates No. | Description |
|---|---|---|
| PX3000 | NTEC000029 | (Confidential Information Memorandum – April 2019); |
| PX3018 | NTEC003985 | (Confidential Spreadsheet); |
| PX6008 | | Investigational Hearing of Harry (Tres) Tipton (including confidential information); |

PX6009                          Deposition of Harry (Tres) Tipton (including confidential information).

2.  Thereafter, on that same date, counsel for Defendants Peabody Energy Corporation/Arch Coal, Inc., notified counsel for NTEC it intended to include on its exhibit list for the upcoming evidentiary hearing in this matter the following specific exhibits:

**PEABODY/ARCH LIST OF EXHIBITS**

| **Exhibit** | **Bates No.** | **Description** |
| --- | --- | --- |
| DX1004 | NTEC001705 | (Cloud Peak Energy Market Review and Forecast – June 2018); |
| DX1005 | NTEC003564 | (Form 10-K); |
| DX3043 | | Deposition of Harry (Tres) Tipton (including confidential information). |

3.  The Plaintiff and Defendants obtained these documents from NTEC through service of process – subpoenas – they issued for the discovery of sensitive commercial documents and things including highly sensitive information regarding product pricing, business and operations plans and logistical information from which Intervenor NTEC sought relief through a Motion to Intervene and for Protective Order. (Doc# 62).

4.  NTEC, along with a number of other intervenors, sought protection from the production of their sensitive commercial documents and information which include materials considered highly confidential, proprietary, and company trade secrets, through a joint motion, which was briefed and argued before the Court, and addressed in an opposition memorandum to Defendant's motion to amend the original protective order. (Doc# 98).

5. In response, the Court entered a Modified Protective Order on April 3, 2020, (Doc# 110), which granted broad confidentiality protection to information and documents so designated by a party like NTEC, and limited the ability of the parties to disseminate the confidential information except in specific circumstances.

6. The stated purpose of the Modified Protective Order ("Order") was continued protection of "the interests of the parties and third parties in the above-captioned matter against the improper use and disclosure of confidential information submitted or produced in connection with this matter." (Doc. #110, opening paragraph).

7. The Order granted specific rights and expectations on the part of third-parties like NTEC in the continued preservation of the confidentiality of its sensitive information. (Doc. #110, par. 3).

8. Once designated as "confidential," the Order restricted the class of individuals to whom the confidential material could be disclosed, and provided strict enforcement guidelines and penalties for any infraction of the Order. (Doc. #110, par. 6, 7, 14).

9. Confidential material produced by third-parties like NTEC could only be disclosed to a limited audience of persons to include:

   a. The Court and court personnel;

   b. Any appellate panel of judges;

   c. Outside counsel of record for the parties and their employees, "provided they are not employees of a Defendant";

   d. Consultants hired to assist outside counsel, "provided they are not affiliated in any way with a Defendant and have signed an agreement to abide by the terms of the protective order";

3

    e.   Witnesses or deponents who authored the subject confidential material; and

    f.   Peabody in-house counsel Carol Li.

(Doc. #110, par. 7).

10. At issue in determining this limited set of persons was whether an expanded set of in-house employees for the Defendants in addition to Ms. Li could have access to the confidential material. Defendants sought leave of Court to expand the list of Defendants' employees granted access to the confidential information to include non-lawyer executive staff, however, in entering its Order, the Court came down on the side of providing expansive protections to the confidential material, imposing restrictions on those who may view those documents, specifically noting all other employees of Defendants other than Ms. Li were denied access.

11. The Order also established a procedure whereby NTEC and others could petition the Court for further protection should one of the parties attempt to use the confidential information in a filing or pleading, or if a party intended to introduce the confidential information as evidence at trial. (See Doc# 110, Modified Protective Order, par. 9, 10).

12. The Order states:

> If counsel plans to introduce into evidence at the hearing any document or transcript containing confidential material produced by another party or by a third party, they shall provide advance notice to the other party or third party for purposes of allowing that party to seek an order that the document or transcript be granted in camera treatment. If that party wished in camera treatment for the document or transcript, the party shall file an appropriate motion with the Court within five business days after it receives such notice. Except where such an order is granted, all documents and transcripts shall be part of the public record. Where in camera treatment is granted, a duplicate copy of such document or transcript with the confidential material deleted therefrom may be placed on the public record.

 (Doc# 110, Modified Protective Order, par. 10).

13. In response to the subpoenas, but under the protections of the Order, NTEC and others produced highly confidential and proprietary information related to their business.

14. Because NTEC's information contains highly sensitive competitive pricing details, among other sensitive information, they continue to have a strong interest in protecting the confidentiality of its trade secrets and sensitive commercial information from the Defendants, their competitors, at the evidentiary hearing in this matter.

15. NTEC is requesting through this motion that the Court engage in an *in camera* review of the confidential information designated as exhibits for the upcoming evidentiary hearing by the Parties, and once determined to merit that characterization, exclude from the Courtroom all individuals other than those described in Paragraph 7 of the Order, whenever those exhibits are referenced, read from, testified to, or admitted into evidence.

16. Furthermore, NTEC requests those documents designated as confidential remain under seal, and that steps be taken by counsel for the parties to protect the confidential nature of the information contained in those materials, either through redacting them, or producing duplicate copies of the material which does not reveal the confidential nature of the information.

WHEREFORE, Intervenor Navajo Transitional Energy Company, LLC, ("NTEC"), requests herein an *in camera* review of the documents it has designated as "confidential," and exclusion from the Courtroom any individuals who do not meet the categories so set forth in the Modified Protective Order during the presentation, display, reference to or admission into evidence of any such "Confidential Material," and that such material only be admitted under seal, or after

having been appropriately masked or redacted, along with the additional relief set out hereinabove,

and for such other and further relief as the Court deems just and proper.

/s/William S. Thomas
William S. Thomas #43229MO
GAUSNELL, O'KEEFE & THOMAS, LLC
Attorneys for Intervenor Navajo Transitional
Energy Company, LLC
701 Market Street, Suite 200
St. Louis, Missouri 63101
(314) 257-9800
(314) 257-9801 (Fax)
Email: wthomas@gotlawstl.com

I, the undersigned, certify that the original pleading was signed by the attorney of record
and a copy of the foregoing has been electronically served on all counsel of record via the Court's
eFiling System, or U.S. mail for parties not registered for the Court's eFiling System, on this 30th
day of June, 2020.

/s/William S. Thomas