**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

**FEDERAL TRADE COMMISSION**,

        *Plaintiff*,

  v.

**PEABODY ENERGY CORPORATION**,

and

**ARCH COAL, INC.**,

        *Defendants*.

Civil Action No. 4:20-cv-00317

**UNOPPOSED MOTION FOR *IN CAMERA* TREATMENT
BY NON-PARTY MICHELIN NORTH AMERICA, INC.**

**I.    INTRODUCTION**

Pursuant to this Court's Modified Protective Order (Doc. 110 at ¶ 10), non-party Michelin North America, Inc. ("Michelin") hereby moves this Court for an order granting *in camera* treatment for one document that Plaintiff Federal Trade Commission ("FTC") has identified on its exhibit list and which it plans to present into evidence at the hearing in this matter. The document ("PX5016") is an internal, confidential discussion of Michelin's business strategy. Michelin therefore respectfully requests that this Court grant *in camera* treatment to the document.

## II. BACKGROUND

Michelin, a non-party in this action, produced documents in response to a Subpoena Duces Tecum that the FTC issued on April 10, 2020. Michelin complied and searched for responsive materials. One of the documents Michelin produced is an internal discussion of sensitive and confidential business information.

Upon production to the FTC, Michelin designated this document as "Confidential" consistent with the Modified Protective Order in this case. The FTC contacted Michelin on June 25, 2020, pursuant to the Modified Protective Order and notified Michelin that this document appears on the FTC's exhibit list in this matter as an item that will be presented into evidence. The document is labeled "PX5016." The Modified Protective Order permits a party or third party who has been so notified to make an appropriate motion to the Court seeking an order that its documents be granted *in camera* treatment. The FTC agreed by email correspondence dated June 26, 2020, that it does not oppose Michelin's request for *in camera* treatment. Defendants agreed by email correspondence dated June 29, 2020, that they do not oppose Michelin's request for *in camera* treatment.

## III. LAW

The Modified Protective Order in this matter protects "competitively sensitive information" as "confidential material." (Doc. 110 at ¶ 1.) It also permits parties and third parties to designate material as confidential by marking the documents as such. (*Id.* at ¶ 6.) Such a designation represents a good faith and careful determination that the material is not reasonably believed to be already in the public domain and that counsel believes the material so designated constitutes "confidential material" as defined in the Modified Protective Order. (*Id.* at ¶ 5.) The Modified Protective Order accords numerous protections to confidential material. (*See, e.g., id.* at

2

¶¶ 7-9.)  When a party identifies confidential material produced by another party or third party that it plans to introduce into evidence at the hearing, the Modified Protective Order requires the party to give notice to that party or third party so that it can seek an order granting *in camera* treatment.  (*Id.* at ¶ 10.)

The Modified Protective Order is consistent with Federal Rule of Civil Procedure 26(c) in granting protection to competitively sensitive information.  Rule 26(c) empowers courts to issue protective orders upon a showing of "good cause."  Fed. R. Civ. P. 26(c).  A court has broad discretion in deciding what protection is necessary.  *Nice Glass, LLC v. Coll Fin. Holdings, LLC*, No. 4:18-CV-01835-NCC, 2020 WL 1820996, at *2 (E.D. Mo. Apr. 10, 2020).  "Courts routinely grant protective orders that limit access to sensitive or proprietary information."  *Id.* (internal citation and quotation marks omitted).  Rule 26(c)(1)(G) specifically contemplates the issuance of orders protecting "a trade secret or other confidential research, development, or commercial information" from being released or ordering that it be released in a specific way.  Fed. R. Civ. P. 26(c)(1)(G).

Standards in FTC administrative procedures also articulate the importance of protecting confidential business information, especially when submitted by a third party.  Applying a specific rule of practice, FTC administrative courts seek to protect "confidential records of businesses involved in [FTC] proceedings . . . insofar as possible" and "have generally attempted to protect confidential business information from unnecessary airing."  *In re H.P. Hood & Sons, Inc.* 1961 WL 65882, at *4 (F.T.C. March 14, 1961).  Such protection is particularly important where the information has been submitted by a third party and a public understanding of the proceeding does not depend on access to third party materials.  *In the Matter of Kaiser Alum. & Chem. Corp.*, 1984 WL 565325, at *1 (F.T.C. May 25, 1984).

Further, the Modified Protective order is consistent with the principles underlying sealing of court documents. Local Rule 13.05 permits the court to order that documents filed in a civil case be filed and maintained under seal upon "a showing of good cause." *See* E.D. Mo. L.R. 13.05. While there is a common law right of access to judicial proceedings, that right "is not absolute but requires a weighing of competing interests." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990). Each court has "supervisory power over its own records" and decisions to seal rest with the discretion of the district court. *Id.* Courts typically balance the interests served by a common law right of access against the interests served by maintaining confidentiality of information through sealing. *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). The privacy interests of third parties are particularly acute and "should weigh heavily" in any balancing equation and represent "a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (internal quotation marks omitted).

**IV.   ARGUMENT**

PX5016 is a third-party document that constitutes precisely the type of confidential business information that should be granted *in camera* treatment. The Court should issue an order granting *in camera* treatment for PX 5026 for three reasons. First, the Modified Protective Order supports *in camera* treatment because it specifically protects "competitively sensitive information" like PX5016. Second, PX5016 is the type of third-party document that both courts and the FTC acknowledge should be protected and remain confidential. Third, principles underlying whether documents should be sealed support granting *in camera* treatment to PX5016 because Michelin's significant interest in maintaining the confidentiality of the information outweighs any potential interest in public access to the document, which is minimal.

*First*, the Modified Protective Order specifically applies to PX5016 and that protection should continue by ensuring *in camera* treatment of the document. The Modified Protective Order specifically shields "competitively sensitive information" as "confidential." (Doc. 110 at ¶ 1.) PX5016 is an internal discussion about business strategy. PX 5016 therefore qualifies as "competitively sensitive information." Given the sensitivity of this document and that it is an internal document that is not in the public domain, Michelin properly designated PX5016 as "confidential." Without the protection of *in camera* treatment, Michelin would suffer harm from having an internal document that contains business strategy become publicly available. PX5016 is entitled to continued protection. Therefore, the Court should grant *in camera* treatment to PX5016.

*Second*, PX 5016 is entitled to *in camera* treatment pursuant to the Court's broader power to issue protective orders and according to the similar standard used by the FTC. Courts have acknowledged that competitively sensitive information is entitled to protection. *See, e.g.*, *Nice Glass*, 2020 WL 1820996, at *2. Further, release of this competitive strategic information would harm Michelin. *Experitec, Inc. v. Stachowski*, No. 4:14CV00154 AGF, 2014 WL 11089362, at *3 (E.D. Mo. Jan. 30, 2014) (noting in context of a temporary restraining order that "[c]ourts generally hold that the disclosure of confidential information such as customer information and business strategy will result in irreparable harm"). Good cause exists to protect PX5016 because it is competitively sensitive information that is entitled to protection. The release of this document would cause significant harm to Michelin, a third party who has complied in good faith with the subpoena here. The court should therefore grant *in camera* protection.

The standard applied in FTC administrative proceedings also supports *in camera* protection here. That standard routinely protects confidential business information by granting *in camera*

5

treatment. This is especially so where, as here, public access to the information would work a defined and serious injury in exposing competitively sensitive information to the public. Even more, this need for protection is especially acute here since PX5016 is a third-party document. It is clear that the FTC process also favors *in camera* treatment for PX5016 as a third-party document that contains competitively sensitive information.

*Third*, principles guiding courts on whether to seal documents also support granting *in camera* treatment to PX5016. Michelin here has a significant interest in maintaining the confidentiality of this internal document. This interest is only bolstered by the fact that Michelin is an innocent third party who simply complied with an FTC subpoena. On the other hand, there is minimal (if any) need for public access to PX5016. It is a third party document that will not add anything to the public understanding of this case. These principles also militate in favor of *in camera* treatment here.

## V.   CONCLUSION

For all the foregoing reasons, Michelin respectfully requests that this Court grant its motion and enter an Order granting *in camera* treatment for PX5016.

Dated:  July 1, 2020

Respectfully submitted,

*/s/ Lesli C. Esposito*
Lesli C. Esposito
**DLA Piper LLP (US)**
1650 Market Street
Suite 5000
Philadelphia, PA 19107
Phone: (215) 656-2432
Email: lesli.esposito@us.dlapiper.com
201916 (PA)
470298 (DC)

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on this 1st day of July, 2020, the foregoing document was filed electronically using this Court's CM/ECF system, which will send notification of such filing to all counsel of record.

                                                      */s/ Lesli C. Esposito*