# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

**FEDERAL TRADE COMMISSION,**

                Plaintiff,

    v.

**PEABODY ENERGY CORPORATION,**         Civil Action No. 4:20-cv-00317-SEP

and

**ARCH COAL, INC.**

                Defendants.

## MOTION OF NON-PARTY DTE ENERGY COMPANY FOR *IN CAMERA* TREATMENT OF TRIAL EXHIBITS

Pursuant to Paragraph 10 of the Modified Protective Order entered in the above-captioned matter on April 3, 2010 (Dkt. No. 110), DTE Energy Company ("DTE"), which is a non-party to this matter, respectfully requests that this Court grant *in camera* treatment for certain competitively sensitive, highly confidential DTE materials. The documents were produced and testimony provided pursuant to subpoenas issued by both the Federal Trade Commission ("FTC") and Defendants. The FTC notified DTE that it intends to introduce 12 of DTE's documents and one deposition transcript into evidence. *See* Exhibit 1 (Jun. 25, 2020 Email from J. Goodman). Defendants notified DTE that they intend to introduce nine of DTE's documents and one deposition transcript into evidence. *See* Exhibit 2 (Jun. 25, 2020 Email from M. Schmitten). The confidential business information that DTE seeks to protect from public disclosure satisfies the requirements for *in camera* treatment articulated in the Modified Protective Order governing this case and Eighth Circuit case law.

## BACKGROUND

This Court entered a Modified Protective Order on April 3, 2020 that governs the use and protection of confidential material in this case. Paragraph 1 of the Modified Protective Order defines "confidential material" as "any document or portion thereof that contains privileged information, competitively sensitive information, or sensitive personal information." Under Paragraph 10 of the Modified Protective Order, prior to using any third party's confidential material in open court, a party must "provide advance notice to the…third party for purposes of allowing that party to seek an order that the document or transcript be granted in camera treatment."

DTE hereby seeks *in camera* treatment for the following 19 confidential documents and one deposition transcript:

| Exhibit | Date | Description |
| --- | --- | --- |
| DX1500 | 1/9/2020 | Confidential email and attachment relating to the proposed joint venture |
| DX1501 | 11/16/2019 | Confidential email and attachment relating to the proposed joint venture |
| DX1502 | 6/21/2016 | Confidential email and attachment relating to coal supply bids/negotiations |
| DX1605 | 3/2020 | Confidential presentation relating to coal and oil procurement |
| DX1606 | Undated | Confidential plant capacity utilization data |
| DX1607 | 12/13/2019 | Confidential email and attachment relating to the proposed joint venture |
| DX1608 | Undated | Confidential spreadsheet relating to coal supply bids/negotiations |
| DX1609 | 12/13/2019 | Confidential email and attachment relating to the proposed joint venture |
| DX3017 / PX6010 | 4/17/2020 | Confidential deposition transcript of David Hicks |
| DX7060 | 11/16/2019 | Confidential email and attachment relating to the proposed joint venture |
| PX4294 | 5/25/2018 | Confidential email and attachment relating to coal supply bids/negotiations |
| PX4295 | 6/4/2018 | Confidential email and attachment relating to coal supply bids/negotiations |

| PX4296 | 6/29/2018 | Confidential email and attachment relating to coal supply bids/negotiations |
| PX4297 | 6/19/2019 | Confidential email and attachment relating to the proposed joint venture |
| PX4298 | 7/1/2019 | Confidential email relating to the proposed joint venture |
| PX4299 | 7/24/2019 | Confidential email relating to the proposed joint venture |
| PX4300 | 7/30/2019 | Confidential email and attachment relating to the proposed joint venture |
| PX4301 | 9/20/2019 | Confidential email and attachment relating to the proposed joint venture |
| PX4302 | 9/9/2019 | Confidential email and attachment relating to coal supply bids/negotiations |
| PX4303 | 11/25/2019 | Confidential email and attachment relating to the proposed joint venture |

These materials contain highly confidential information on DTE's procurement strategies (including DTE's assessment of the proposed joint venture); business strategies; contract terms, bids, and negotiations with suppliers; coal and fuel supply procurement information, including prices, volumes, and demand; plant capacity and capacity utilization, and non-public financial information. DTE does not publicly disclose any of the information in the DTE confidential materials. Public disclosure of this information would significantly negatively impact DTE's ability to negotiate with suppliers – including the Defendants in this matter – and would put DTE at a disadvantage to its competitors.

## ARGUMENT

Pursuant to the Modified Protective Order, "competitively sensitive information" shall receive confidential treatment. The DTE confidential materials contain information, including procurement strategies; business strategies; contract terms, bids, and negotiations with suppliers; coal and fuel supply procurement information, including prices, volumes, and demand; plant capacity and capacity utilization, and non-public financial information. This information is competitively sensitive.

In the Eighth Circuit, "the common-law right of access applies to judicial records in civil proceedings." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013; *Webster Groves Pub. Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371 (8th Cir. 1990). "This right of access is not absolute," however, and "requires a weighing of competing interests," as courts in this Circuit do not "recognize[e] a 'strong presumption' favoring access." *Webster Groves*, 989 F.2d at 1376. Courts weighing whether to seal judicial records in a civil case balance "the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access" against "the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp.*, 709 F.3d at 1223.

Here, the balance of interests weighs strongly in favor of granting *in camera* treatment over DTE's confidential materials. Most importantly, DTE would be significantly harmed from public disclosure of this competitively sensitive information. DTE's current and potential suppliers – including the Defendants in this matter – could use this information against DTE in supply negotiations. DTE's competitors likewise would gain valuable insights into DTE's confidential business strategies that they otherwise would not have access to, putting DTE at a competitive disadvantage. Moreover, DTE is an unrelated third party to this litigation whose information and business is not the subject of this litigation. DTE does not publicly disclose the information in the DTE confidential materials. DTE provided these confidential materials pursuant to subpoenas issued by the FTC and Defendants, and took steps to preserve the confidentiality of those materials, including marking them as confidential under the Modified Protective Order.

The public's general interest in access does not outweigh the substantial harm to DTE that would result from disclosure of DTE's confidential information. DTE's documents and

testimony can be presented to the Court in a generalized way that allows for public access while protecting the underlying confidential information.

In the alternative, if the Court does not grant *in camera* treatment for the DTE confidential materials, DTE respectfully requests that it have an opportunity to propose redactions to the public copy of the DTE confidential materials so that certain information remains confidential from public view.

## **CONCLUSION**

For the reasons set forth above, DTE respectfully moves this Court to grant its Motion for *In Camera* Treatment of Trial Exhibits. A proposed order is attached.

Respectfully submitted,

Date:   July 1, 2020

/s/ Brian Rafkin
Brian Rafkin, #1013441 (DC)
Dechert LLP
1900 K Street, NW
Washington, DC 20006
Tel: (202) 261-3318
Email: brian.rafkin@dechert.com

*Counsel for Non-Party DTE Energy Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that July 1, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

Dated: July 1, 2020

                                      /s/ Brian Rafkin
                                      Brian Rafkin, #1013441 (DC)
                                      Dechert LLP
                                      1900 K Street, NW
                                      Washington, DC 20006
                                      Tel: (202) 261-3318
                                      Email: brian.rafkin@dechert.com

                                      *Counsel for Non-Party DTE Energy Company*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

**FEDERAL TRADE COMMISSION,**

        Plaintiff,

v.

**PEABODY ENERGY CORPORATION,**

and

**ARCH COAL, INC.**

        Defendants.

Civil Action No. 4:20-cv-00317-SEP

## [PROPOSED] ORDER

Upon consideration of the Motion of Non-Party DTE Energy Company for In Camera Treatment of Trial Exhibits, IT IS HEREBY

ORDERED that the Motion is GRANTED.

ISSUED this _____ day of _____, 2020, at _____ a.m./p.m

SO ORDERED:

_____
Hon. Sarah E. Pitlyk
United States District Court Judge