# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiffs,<br><br>v.<br><br>**PEABODY ENERGY CORPORATION,**<br><br>and<br><br>**ARCH RESOURCES, INC.,**<br><br>Defendants. | Civil Action No. 4:20-cv-00317 |

### NOTICE OF FILING OF DEFENDANTS' REDACTED BRIEF PURSUANT TO PARAGRAPH 5 OF THE ORDER RELATING TO HEARING (ECF NO. 166)

Defendants Peabody Energy Corporation and Arch Resources, Inc. hereby provide notice of the public filing of the Redacted Brief Pursuant to Paragraph 5 of the Order Relating to Hearing (ECF No. 166), originally filed under seal on July 6, 2020.

Dated: July 10, 2020

        Respectfully submitted,

        */s/ Corey W. Roush*

        Corey W. Roush, #466337 (DC)
        Gorav Jindal, #471059 (DC)
        J. Matthew Schmitten, #742690 (GA)
        Akin Gump Strauss Hauer & Feld LLP
        2001 K. Street, N.W.
        Washington, DC 20006
        (202) 887-4000

1

croush@akingump.com
gjindal@akingump.com
mschmitten@akingump.com

Cristina Thrasher, #5109954(NY)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745
(212) 872-1000
cthrasher@akingump.com

Edward D. Hassi, #1026776 (DC)
Leah S. Martin, #1029757 (DC)
Debevoise & Plimpton LLP 801
Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

Michael Schaper, #4033486 (NY)
J. Robert Abraham, #4935110 (NY)
Tristan M. Ellis, #5405444 (NY)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
mschaper@debevoise.com
jrabraham@debevoise.com
tmellis@debevoise.com

Catherine L. Hanaway, #41208(MO)
Michael C. Martinich-Sauter, #66065(MO)
Husch Blackwell, LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
catherine.hanaway@huschblackwell.com
michael.martinich-sauter@huschblackwell.com

*Counsel for Defendant Peabody Energy Corporation*

2

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 10th day of July, 2020, the foregoing document was served by electronic correspondence on all counsel of record.

*/s/ Corey W. Roush*

Corey W. Roush
*Counsel for Defendant Peabody Energy Corporation*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>                    Plaintiff,<br><br>          v.<br><br>PEABODY ENERGY CORPORATION<br>and<br>ARCH RESOURCES, INC.,<br><br>                    Defendants. | Case No. 4:20-cv-00317-SEP<br><br>**PUBLIC VERSION** |

**DEFENDANTS' BRIEF PURSUANT TO PARAGRAPH 5 OF THE ORDER RELATING TO HEARING (ECF No. 166) AND ACCOMPANYING EXHIBIT**

I.  *The Court Should Exclude PX5012*

Defendants request that the Court exclude Plaintiff's exhibit PX5012. That document, produced by the Western Coal Traffic League ("WCTL"), is a heavily-redacted set of materials that ███████████████████████████████████████████████. ███████████████████████████████████████████████████████████████████████████ ███████[1] ███████████████████████████████████████████████████ ███████████████████████████████████████. Notwithstanding these significant reliability concerns, ███████████████████████████████████████ ███████████████, ███████████████████████████████████ ███████████████████████████████████████████.[2]

Admission of PX5012, ███████████████████████████████████████ is fundamentally unfair and the document should be excluded. The document is incomplete given that it has been largely redacted. Fairness requires that the entirety of the document "ought to be considered at the same time," or it should be excluded. FRE 106. Furthermore, there is no foundation supporting the document's admission given that ███████████████████████ ███████████████████████████████████████ FRE 602. Finally, any relevance this document may have is far outweighed by the risk of confusion, undue prejudice and unfairness it poses. FRE 403. Indeed, ███████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████. Fundamental fairness requires that the FTC not be allowed to rely on this document in support of its case.

---

[1] *See* PX5012, at 012-013.
[2] ███████████████

1

## II. *The Court Should Not Exclude the DX Exhibits Objected to by the FTC*

The FTC asks the Court to exclude from evidence two sets of third-party documents from DTE Energy ("DTE") and WCTL because the documents purportedly contain improper opinion testimony from lay witnesses, contain improper expert witness testimony, and are hearsay. That the FTC wants to exclude these materials is no surprise as they are highly relevant, third party documents completely supporting defendants' position in this case. That the FTC is actually seeking to exclude them is surprising for the reasons discussed below.[3] To understand the relevance of these materials – and why they should be admissible – a description is necessary.

***DTE Materials:*** DTE is on defendants' witness list. During discovery, defendants learned that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[4] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[5] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ DX1501 and DX7060. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



---

[3] Given that defendants have not seen the FTC's specific arguments with regard to the exhibits, defendants respectfully request the right to more fully brief its response if the Court is inclined to consider excluding the documents. Defendants supplemental response would respond to any FTC arguments not covered herein; would provide more detail about the regular use of these type of documents, including by the FTC, in other cases where the *Brown Shoe* factors have been considered (*see supra* note 12 and accompanying text); and would provide more details on the relevant hearsay exceptions (*see supra* notes 14-18 and accompanying text).

[4] The FTC does not seek to exclude ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

[5] "Doyle Trading Consultants is an energy market research consultancy specializing in the thermal and coking coal sectors. Founded by Stephen Doyle in 2002, [Doyle's] expert team provides cutting-edge insight and analysis on U.S. and global coal markets to more than 800 decision-makers from energy companies and financial institutions worldwide." Doyle Trading Consultants, "Covering Coal from Mine to Market," available at https://www.doyletradingconsultants.com/.

██████████████

*Id.* A ██████████████

██████████████

██████████████

DX1500.[6] ██████████████

██████████████.

**WCTL Materials:** ██████████████: Ameren, Evergy, LCRA, Minnesota Power, and WFA—all are on the FTC's witness list. WCTL hosts two meetings a year ██████████████ The FTC seeks to exclude some of those presentations because they repeatedly discuss competition among coal, natural gas, and renewables. ██████████████, competition among coal, natural gas, and renewables is an ever-present market force that industry participants (as opposed to coal buyers) recognize. For instance:

---

[6] The FTC also seeks to exclude email exchanges regarding ██████████████ These include DX1607 and DX1609.

- Nov. 2017 – Ralph Barbaro of Energy Research Company[7] presented on "Trends and Outlooks for PRB Rail Markets: Retirements, Renewables, and Economic Dispatch Issues." He described PRB as being in a "Bust Period" (as opposed to "Boom Period") post-2008 because of "PRB coal plant retirements," "[w]ind power displacement," "N[atural] G[as] displacement," and "PRB stockpile levels." DX1031 at 3.[8] He concluded that "[b]elow $2.50/MMBtu, NG displaces PRB coal at all but the lowest cost coal plants." *Id.* at 10.

- Feb. 2018 – Jamie Heller of Hellerworx[9] presented on "The Future of Coal vs. Gas Competition." He noted that "[c]heap natural gas generation, demand-side management, renewables and energy efficiency have displaced the need for coal units as baseload units" and that "[f]orecasted gas prices threaten significant near-term continuing displacement of coal generation." DX1019 and DX1187 at 16.[10]

- Feb. 2020 – Thomas Crowley, President of L.E. Peabody & Associates,[11] in the midst of the FTC's review of the proposed transaction presented on "Coal: Down But Not Out?" DX2130. He noted that "[c]ontinued natural gas prices will limit the use of existing coal generation assets" and that "[i]increases in renewable energy productivity will allow for more cost effective production and further displacement." He also stated that he would expect significant PRB coal displacement if natural gas is at or below $2.50/MMBtu. *Id.* at 29, 30.

The FTC seeks to exclude all of these documents despite the fact that 

None of these document should be excluded. First, defendants have not sought to offer the documents as expert testimony but rather as evidence of how the industry recognizes

---

[7] Energy Research Company "[p]rovid[es] a wide range of economic and analytical service to coal producers, coal lessors, utilities, lenders, investors and other energy-related companies." Energy Research Company, "Services," available at http://energyresearchco.com/services.

[8] This presentation ▮▮▮▮▮▮▮▮▮▮ also labeled DX1566, DX2084, and DX2128.

[9] "Jamie Heller founded Hellerworx, Inc. in August 2002 as a consulting firm to assist power generators; transportation companies and energy producers in solving economic and technical problems related to energy and transportation markets and environmental compliance issues." Hellerworx "Obtaining, Analyzing, Understanding, Solving," available at http://www.hellerworx.com/.

[10] The presentation ▮▮▮▮▮▮▮▮▮▮ is also labeled DX1187, DX1541, DX1565 and DX2129. Mr. Heller also put together a more in-depth presentation by the same name with another industry participant, Mark Repsher at PA Energy. The FTC also seeks to exclude that presentation (DX 8033).

[11] L.E. Peabody "ha[s] years of experience quantifying and optimizing value around electric generating assets, including specific experience with unit bidding and dispatch, trading, origination, supply and transportation of fuel, contract management, regulatory affairs and strategic analysis covering a number of electricity markets throughout the United States." L.E. Peabody & Assocs., "Energy Consulting," available at https://www.lepeabody.com/energy-consulting. While the first page of the document is dated February 2019, the document itself and the testimony of at least two witnesses makes clear that it is a February 2020 document.

4

competition among coal, natural gas and renewables and how the industry perceives that competition will affect the behavior of the joint venture–a perspective neither of the experts hired by the FTC can provide. These documents are exactly the kind of materials this Court is supposed to consider in applying the "industry recognition" part of the *Brown Shoe* factors, and precisely the kind of industry reports that the FTC itself has relied on in other merger challenges when helpful to its case (unlike here).[12] Second, it is well-settled that hearsay is permitted in preliminary injunction proceedings because the Court can give whatever weight it deems appropriate to such materials.[13] Third, even if the Court were inclined to exclude hearsay, the materials are permissible under well-recognized exceptions, including FRE 803(1) present sense impression as to the DTE e-mails;[14] FRE 803(3) then-existing mental, emotional or physical condition as to all documents;[15] FRE 803(5) recorded recollection as to the WCTL presentations;[16] FRE 803(6) records of regularly conducted activity as to all documents;[17] and FRE 803(17) market reports and similar commercial publications as to the ▮▮▮▮ and the WCTL presentations.[18]

---

[12] *See. e.g., FTC v. Sysco Corp.*, 113 F. Supp. 3d 1, 40-41, 48, 65 (D.D.C. 2015) (relying on both consulting firm and industry analyst reports that the FTC proffered as industry recognition of the FTC's claimed market and the effect of the merger on competition).

[13] *See, e.g., ACORN v. Scott*, No. 08-CV-4084-NKL, 2008 U.S. Dist. LEXIS 53580, at *10 n.5 (W.D. Mo. July 15, 2008) (overruling hearsay injunctions because it was preliminary injunction hearing); *Returns Worldwide, Inc. v. United States*, 266 F. Supp. 2d 1014, 1017 n.3 (E.D. Mo. 2003) 1014, 1017 n.3 (E.D. Mo. 2003) (same).

[14] *See Moore v. Holder*, No. 4:12CV02154 AGF, 2014 U.S. Dist. LEXIS 159561, at *2-3 (E.D. Mo. Nov. 13, 2014) (stating that the notes would constitute the witness's present sense impression of her interview with the plaintiff).

[15] *See Firemen's Fund Ins. Co. v. Thien*, 8 F.3d 1307, 1313 (8th Cir. 1993) ("All three deponents' hearsay statements were offered to prove Charles's present intention to do something in the future, and are admissible pursuant to hearsay exception in Rule 803(3)").

[16] *See Newton v. E. Ryder Transp. Servs.*, 206 F.3d 772, 775 (8th Cir. 2000).

[17] *See JIPC Mgmt. v. Incredible Pizza Co.*, No. CV 08-04310 MMM (PLAx), 2009 U.S. Dist. LEXIS 133019, at *80-81 (C.D. Cal. July 14, 2009) ("[I]f defendants kept the reports and relied on them in the regular course of business, and . . . had a substantial interest in their accuracy, it can admit the[m] . . . under Rule 803(6).").

[18] *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns*, 199 F. Supp. 3d 958, 991 (E.D. Va. 2016) (admitting two "highly relevant" industry reports over hearsay objections "as compilations generally relied on by persons in particular occupations pursuant to Rule 803(17)").

5

Dated: July 6, 2020

   Respectfully submitted,

*/s/ Corey W. Roush*

Corey W. Roush, #466337 (DC)
Gorav Jindal, #471059 (DC)
J. Matthew Schmitten, #742690 (GA)
Akin Gump Strauss Hauer & Feld LLP
2001 K. Street, N.W.
Washington, DC 20006
(202) 887-4000
croush@akingump.com
gjindal@akingump.com
mschmitten@akingump.com

Cristina Thrasher, #5109954(NY)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
Bank of America Tower
New York, NY 10036-6745
(212) 872-1000
cthrasher@akingump.com

Edward D. Hassi, #1026776 (DC)
Leah S. Martin, #1029757 (DC)
Debevoise & Plimpton LLP 801
Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 383-8000
thassi@debevoise.com
lmartin@debevoise.com

Michael Schaper, #4033486 (NY)
J. Robert Abraham, #4935110 (NY)
Tristan M. Ellis, #5405444 (NY)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
(212) 909-6000
mschaper@debevoise.com
jrabraham@debevoise.com
tmellis@debevoise.com

             Catherine L. Hanaway, #41208(MO)
             Michael C. Martinich-Sauter, #66065(MO)
             Husch Blackwell, LLP
             190 Carondelet Plaza, Suite 600
             St. Louis, MO 63105
             (314) 480-1500
             catherine.hanaway@huschblackwell.com
             michael.martinich-sauter@huschblackwell.com

             *Counsel for Defendant Peabody Energy Corporation*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 6th day of July, 2020, the foregoing document was served by electronic correspondence on all counsel of record.

*/s/ Corey W. Roush*

Corey W. Roush
*Counsel for Defendant Peabody Energy Corporation*