**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-cv-00317-SEP |
| | ) |
| **PEABODY ENERGY CORPORATION** | ) |
| | ) |
| and | ) |
| | ) |
| **ARCH COAL, INC.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Plaintiff's Evidentiary Brief Pursuant to the Court's Order Dated July 27, 2020.  Doc. [414].  The Court has considered Plaintiff's arguments and the arguments in Defendants' Response to the FTC's Evidentiary Brief Pursuant to the Court's Order Dated July 27, 2020.  Doc. [420].  Consistent with the Court's oral ruling at the preliminary injunction hearing, Defendants' arguments based on Dr. Israel's interpretation of Plaintiff's exhibit PX0018 will be admitted.

As noted at the preliminary injunction hearing, Plaintiff had notice of both the data cited and Dr. Israel's allegedly novel interpretation thereof before he testified to that effect at the hearing.  *See* PX0018 (dated Dec. 20, 2019); DX3019 at 133:9-17.  The Federal Rules require experts to make supplemental disclosures "in a timely manner," Fed. R. Civ. P. 26(e)(1)(A), when "the additional or corrective information has not otherwise been made known to the other parties during the discovery process."  *Id*.  Given the compressed timelines on which the experts in this case have had to operate, and the fact that the information *had* "otherwise been made

known to [Plaintiff] during the discovery process," the Rules do not preclude consideration of Dr. Israel's opinions as cited in paragraphs 40, 213, 215, and 216 of Defendants' Proposed Findings of Fact and Conclusions of Law (Doc. [404]).

Plaintiff also challenges the credibility of statements made by Defendants and their agents. Doc. [414] at 7-8. The Court will take both parties' arguments under advisement, but as Plaintiff does not ask for exclusion of those statements, the Court offers no ruling as to their admissibility. The Court does reiterate its commitment, given the relaxed evidentiary standards applicable to this preliminary injunction proceeding, to giving all evidence the weight it deserves based upon indicia of reliability and the parties' arguments.

**IT IS SO ORDERED.**

Dated this 8th day of August, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE